**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SUSAN ELIZABETH MEAGHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:17-cv-00277** |
| | ) | **JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **SPENCER LOUIS MAIGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

Plaintiff, a resident of Birmingham, Alabama, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Spencer Louis Maige, a resident of Fairview, Tennessee. (Doc. No. 1). The plaintiff seeks injunctive relief and damages. (Id. at p. 4).

**I.      Required Screening of the Complaint**

The Court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. Id. Because the plaintiff is proceeding as a pauper in this action, the Court must screen her complaint pursuant to § 1915(e)(2).

**II.     Alleged Facts**

According to the complaint, the Defendant is the lead singer in a band that performs at various public venues in many different states. In February 2014, the Plaintiff was found guilty of stalking the Defendant in Tennessee. The Defendant was granted an Order of Protection and the Plaintiff was placed on probation. The Plaintiff later was found guilty of violating the Order of Protection and was held in the Williamson County, Tennessee, jail for ninety (90) says. The

1

Plaintiff claims that the Defendant defamed her character and committed perjury in an attempt to obtain the Order of Protection. (Doc. No. 1 at pp. 1-3).

## IV.    Analysis

A review of the Court's records shows that, on August 1, 2016, the Plaintiff brought a federal civil rights action against these same Defendant alleging essentially the same facts as those raised in the instant complaint. See Susan Elizabeth Meagher v. Spencer Louis Maige, No. 3:16-cv-02058 (M.D. Tenn. August 9, 2016)(Trauger, J.). On August 9, 2016, the Court dismissed that action, finding that the Plaintiff failed to state claims upon which relief can be granted because the Defendant was not acting under color of state law when he charged the Plaintiff with stalking and sought an Order of Protection. (Id., Doc. Nos. 3 and 4).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). J.Z.G. Res., Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. Id. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. Montana v. United States, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. See Haddad v. Mich. Nat'l Corp., 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing Matter of W. Tex. Mktg. Corp., 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the Plaintiff's instant complaint, it appears that the Plaintiff has restated the

same or similar allegations stemming from the stalking incident in February 2014. The Court already has rendered a final decision on the merits regarding the Plaintiff's claims against the Defendant. As a result, the Plaintiff's instant claims are barred by the doctrine of *res judicata*. Additionally, all theories of recovery related to the Plaintiff's stalking incident that could have been presented to the Court in the Plaintiff's prior lawsuit are barred by the doctrine of *res judicata*.

Moreover, even if the Plaintiff's claims were not barred by the doctrine of *res judicata*, the Plaintiff's complaint was filed over a year after the alleged events occurred so the Plaintiff's federal civil rights claims would be barred by the governing statute of limitations. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 Fed. Appx. 114, 116 (6th Cir. 2008).

## V.     Conclusion

For these reasons, the Court finds that the Plaintiff's complaint fails the required initial screening. 28 U.S.C. § 1915A. The Plaintiff's claims are barred by the doctrine of *res judicata*. In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the Plaintiff's complaint will be dismissed with prejudice.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE